UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACIA GILLASPY, an individual,<br><br>          Plaintiff,<br><br>    v.<br><br>WEYERHAEUSER COMPANY, a Washington Corporation,<br><br>          Defendant. | NO. CV-06-0114-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF'S CLAIMS WITHOUT PREJUDICE** |

    Before the Court, without oral argument, is Plaintiff Stacia Gillaspy's Motion for Voluntary Dismissal of Plaintiff's Claims Without Prejudice ("Motion to Dismiss") (Ct. Rec. 7). After reviewing the submitted materials and relevant authority, the Court is fully informed and hereby grants Plaintiff's motion.

## I. Background

    On April 20, 2006, Plaintiff initiated this action by filing her Complaint for Damages ("Complaint"). (Ct. Rec. 1.) In response to Plaintiff's Complaint, on May 24, 2006, Defendant Weyerhaeuser Company filed its Answer and Counterclaim, in which a counterclaim for reasonable attorney fees was asserted. (Ct. Rec. 3.) One week later, on May 30, 2006, Plaintiff filed her Motion to Dismiss, in which she moved the Court under Federal Rule of Civil Procedure 41(a)(2) for an order dismissing

ORDER ~ 1

her claims without prejudice and with no award of costs to Defendant. (Ct. Rec. 7.)  Pursuant to Local Rule 7.1(c), Defendant had eleven days to respond to Plaintiff's Motion to Dismiss.  To date, fifteen days since Plaintiff filed her Motion to Dismiss, Defendant has failed to file a response.

## II. Analysis

Rule 41(a)(2) states:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Moreover, under Local Rule 7.1(h)(5), a "failure to timely file a memorandum . . . in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default."

In this instance, the Court construes Defendant's failure to file a timely response to Plaintiff's Motion to Dismiss as consent to a ruling in favor of the Motion to Dismiss. LR 7.1(h)(5).  Furthermore, because the Court finds no reason why Plaintiff's claims against Defendant should not be dismissed and Defendant has raised no counterclaim-related objection to a complete dismissal of this action, the Court grants Plaintiff's Motion to Dismiss by dismissing this action without prejudice or the award of costs to either party.

Accordingly, **IT IS HEREBY ORDERED:**

ORDER ~ 2

1. Plaintiff's Motion for Voluntary Dismissal of Plaintiff's Claims Without Prejudice **(Ct. Rec. 7)** is **GRANTED.**

2. All pending motions are **DENIED AS MOOT.**

3. Enter judgment without prejudice.

4. **CLOSE THIS FILE.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this   16th   day of June 2006.


                           S/ Edward F. Shea
                           EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2006\0114.dismissal.wpd

ORDER * 3